UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP S. STENGER,

                              No. 14-10999

          Plaintiff,                District Judge Mark A. Goldsmith

v.                                        Magistrate Judge R. Steven Whalen

David Keith Freeman, *et. al.*,

          Defendants.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant David Keith Freeman's and Defendant Jedburgh

Group International, LLC's Motion to Dismiss Plaintiff's Complaint and/or Motion to

Transfer Venue [Doc. #18], which has been referred for a Report and Recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that

the Motion be DENIED.

## I.    FACTS

The present case is ancillary to *Commodity Futures Trading Commission*

("CFTC") *v. Alan James Watson, et al.*, E.D. Mich. No. 11-10949 ("the CFTC action), in

which present Plaintiff Phillip S. Stenger ("Stenger") was appointed receiver for the

assets of Cash Flow Financial, LLC ("CFF"). In that action, the CFTC alleged that CFF

engaged in illegal activities that violated the Commodity Exchange Act. (The order

appointing Stenger as receiver and the reappointment order, which incorporated the terms of the original, are appended to Plaintiff's response [Doc. #23] as Exhibits A and C, respectively). Copies of the CFTC complaint and order appointing receiver were filed in the District Court for the Middle District of Florida on March 18, 2011, within 10 days of the March 11, 2011 appointment of receiver. *See* Plaintiff's Exhibit D.

Part IV-B of the appointment order authorizes the Receiver (Stenger) to collect money owed to CFF, and to "[i]nitiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of [CFF] or to carry out his...duties pursuant to this Order." *See* Plaintiff's Exhibit A.

Which brings us to the present case. In the CFTC action, the CFTC alleged that the Jedburgh Group International, LLC ("Jedburgh") received money or property by virtue of CFF's unlawful conduct. Defendant Freeman is (or was) president of the Jedburgh group. Freeman filed this motion *pro se*, on behalf of himself and Jedburgh. In an affidavit attached to his motion, Freeman states that he resides in Florida, and Jedburgh is both incorporated in Florida and has its principal place of business in Florida. Also attached to Freeman's motion is an unsigned escrow agreement between CFF and Jedburgh, which provides that "[e]xclusive jurisdiction and venue" as to "any action brought by the Parties with respect to" the agreement would be "the state or federal courts located in Seminole County, Florida."

-2-

On July 31, 2014, co-Defendant David Toler died. *See* Suggestion of Death [Doc. #33].

## II.    STANDARD OF REVIEW

### A.    Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974. *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(facts pled must show a "plausible" claim for relief).

**B.    Rule 12(b)(2)**

Fed.R.Civ.P. 12(b)(2) provides for dismissal of a complaint based on lack of

personal jurisdiction over a party. Dismissal is appropriate only if the facts a plaintiff

asserts "collectively [fail] to state a *prima facie* case for jurisdiction." *Market/Media*

*Research, Inc. v. Union Tribune Publishing Co.*, 951 F.2d 102, 105 (6th Cir. 1992).

**C.    Rule 12(b)(3)**

A plaintiff has the burden of showing proper venue. However, a court must draw

all reasonable inferences and resolve factual conflicts in favor of the plaintiff.  *Audi AG*

*and Volkswagen of America, Inc. v. Azumi*, 204 Fed.Supp.2d 1014, 1017 (E.D. Mich.

2002).

**III.    DISCUSSION**

In addition to seeking dismissal under Fed.R.Civ.P. 12(b)(6), Freeman seeks

dismissal based on lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2), and

improper venue, pursuant to Fed.R.Civ.P. 12(b)(3). In the alternative, he requests that

venue be transferred to the Middle District of Florida, pursuant to 28 U.S.C. § 1404.

**A.    Jedburgh**

As an initial matter, Freeman, who is not a lawyer, cannot bring this motion on

behalf of Jedburgh, a Florida corporation.  A corporation may not litigate in court *pro se*,

nor may a non-lawyer officer or shareholder appear on behalf of a corporation.  *See*

*Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02  (1993) ("It has been the law for the

better part of two centuries ... that a corporation may appear in the federal courts only

through licensed counsel. As the courts have recognized, the rationale for that rule applies

equally to all artificial entities." (citations omitted)); *Doherty v. Am. Motors Corp.,* 728

F.2d 334, 340 (6th Cir.1984) (noting that "neither a corporate officer nor a shareholder

may appear on behalf of the corporation")

     While Freeman may file pleadings *pro se* on his own behalf, Jedburgh is not

properly before the Court in this motion, and the motion should therefore be stricken

insofar as it seeks relief on behalf of Jedburgh.

### B.  Personal Jurisdiction

     There is personal jurisdiction over Freeman by virtue of 28 U.S.C. § 754 and 28

U.S.C. § 1692.

Section 754 provides as follows:

A receiver appointed in any civil action or proceeding involving property,
real, personal or mixed, situated in different districts shall, upon giving
bond as required by the court, be vested with complete jurisdiction and
control of all such property with the right to take possession thereof.

He shall have capacity to sue in any district without ancillary appointment,
and may be sued with respect thereto as provided in section 959 of this title.
Such receiver shall, within ten days after the entry of his order of
appointment, file copies of the complaint and such order of appointment in
the district court for each district in which property is located. The failure to
file such copies in any district shall divest the receiver of jurisdiction and
control over all such property in that district.

And § 1692 provides:

In proceedings in a district court where a receiver is appointed for property,

-5-

real, personal, or mixed, situated in different districts, process may issue
and be executed in any such district as if the property lay wholly within one
district, but orders affecting the property shall be entered of record in each
of such districts.

In *Haile v. Henderson Nat. Bank*, 657 F.2d 816 (6th Cir. 1981), the Sixth Circuit

found first noted that where, as here, the initial federal lawsuit results in the appointment

of a receiver, "any suit which the receiver thereafter brings in the appointment court in

order to execute his duties is ancillary to the main suit. As such, the district court has

ancillary subject matter jurisdiction of every such suit irrespective of diversity, amount in

controversy or any other factor which would normally determine jurisdiction." *Id.* at 822

(footnote omitted). In terms of personal jurisdiction, *Haile* rejected the application of the

"minimum contacts" test of *International Shoe v. State of Washington*, 326 U.S. 310

(1945), because "[a]n ancillary receivership action does not involve an attempt by a state

court or a federal court sitting in diversity to extend its power beyond its territorial limits

through the use of a state long-arm service of process statute." *Id*. at 823. "Rather, by

statute, the territorial jurisdiction of the appointing court is extended to any district of the

United States where property believed to be that of the receivership estate is found,

provided that the proper documents have been filed in each such district as required by s

754." *Id*. at 823.[1] The Court then found that under § 1692, service of process is not "extra-

territorial," but nationwide. "The appointment court's process extends to any judicial

_____

[1] In the present case, the CFTC's complaint and the order appointing receiver were
timely filed in the Middle District of Florida.

district where receivership property is found." *Id*. at 826.

The only remaining question, then, is whether, under *Mullane v. Central Hanover Bank and Trust*, 339 U.S. 306 (1950), the Defendant received notice sufficient to satisfy due process. In this case, the answer is yes: Freeman was personally served and filed an answer.  Freeman's claim of lack of personal jurisdiction must therefore be rejected.

## C.   VENUE

In *Haile*, the Sixth Circuit found that in a statutory receivership case such as this, "where jurisdiction is ancillary, the post-jurisdictional consideration of venue is ancillary as well." 657 F.2d at 822, fn. 6.[2]  In support of his venue argument, however, Freeman relies principally on the escrow agreement attached to his motion, which contains a forum selection clause providing that "jurisdiction and venue" will be in state or federal courts in the Middle District of Florida.

There are two problems with Freeman's reliance on the escrow agreement. First, it is unsigned, and therefore of no effect. Secondly,  Stenger, the receiver, is not a party to any such agreement, and would not be bound by it in any event. Freeman's request to dismiss the case for lack of venue under Rule 12(b)(3) must be rejected.

---

[2] 28 U.S.C. § 1391, which generally governs venue, provides that venue is proper based on various factors such as the residence of the defendants and the locale where the events giving rise to the action occurred, "except as otherwise provided by law." As Plaintiff correctly points out, the "otherwise provided by law" factor in this case are the federal statutes discussed in the preceding section.

-7-

### D.    Rule 12(b)(6)

Paragraphs 18-40 of the complaint [Doc. #1] set forth detailed factual allegations

supporting the Plaintiff's claims against Freeman. It cannot seriously be argued that the

complaint is factually deficient under the *Iqbal* standard. To the extent that Freeman bases

his Rule 12(b)(6) request on the unsigned escrow agreement attached to his motion, that

argument must be rejected for the reasons discussed above.

### E.    Change of Venue

Alternatively, Freeman requests a change of venue  under 28 U.S.C. § 1404

"which permits the Court to transfer venue to another district where it might have been

brought if it is necessary for the convenience of the parties and witnesses or the interests

of justice." *Sullivan v. Tribley,* 602 Fed. Supp.2d 795, 799. Under § 1404, the factors that

guide a district court's discretion in deciding whether to transfer a case include: (1) the

convenience of the witnesses; (2) the location of relevant documents and the relative ease

of access to sources of proof; (3) the convenience of the parties; (4) the locus of the

operative facts; (5) the availability of process to compel the attendance of unwilling

witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing

law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and

interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,*

79 F.Supp.2d 809, 811 (E.D.Mich.2000). The Court "has broad discretion to grant or

deny the motion." The moving party bears the burden of showing that another district is a

more convenient forum than the chosen forum. *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879–80 (3d Cir.1995).

Watson, a principal defendant in the CFTC action and a probable witness in this case, was a Michigan resident, but is apparently in prison in Kentucky. As long as he is incarcerated, access for depositions is equally inconvenient to both parties in this case. Watson's records, however, are in Michigan, as is Stenger. Freeman, of course, is in Florida, and again, depositions would require both parties to travel. As set forth in the CFTC complaint, the operative facts of the underlying case occurred in Michigan. And importantly, Plaintiff's choice of forum is entitled to deference. *See Audi AG & Volkswagon of Am., Inc. v. D'Amato,* 341 F.Supp.2d 734, 750 (E.D.Mich.2004). As discussed above, the forum selection clause in the unsigned escrow agreement is entitled to no weight.

One party or another will suffer inconvenience regardless of where the proceedings are held. A transfer of venue from the Eastern District of Michigan to the Middle District of Florida would merely shift a portion of the inconvenience from one party to another, a situation that cautions against a transfer. *See Van Dusen v. Barrack,* 376 U.S. 612, 645–46, (1964) ( " Section 1404(a) provides for transfer to a more convenient forum, not to forum likely to prove equally convenient or inconvenient"); *Choon's Design, LLC v. Larose Industries, LLC*, 2013 WL 5913691, 5 (E.D.Mich. 2013)("[B]ecause Plaintiff chose a forum where it is strongly connected, and the

convenience analysis does not tip heavily in favor of either party, granting a transfer of venue would merely 'shift the inconvenience from one party to another'"); *Waal v. AFS Technologies, Inc.*, 2014 WL 1347794, *5 (W.D.Mich. 2014)("A court should deny a motion to transfer venue if the transfer would merely shift the inconvenience from one party to the other")(citing *Van Dusen*).

Under the totality of the circumstances, Freeman has not carried his burden of showing that the Middle District of Florida is the more appropriate forum, and the interests of justice do not require that venue be transferred.

## IV.   CONCLUSION

For these reasons, I recommend as follows:

(1) That Defendants' motion [Doc. #18] be STRICKEN as to Defendant Jedburgh Group International, LLC.

(2) That the motion be DENIED as to Defendant Freeman.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not

preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 28, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager